**Robby BICKERS, Plaintiff–Appellant,**

v.

**INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, Defendant–Appellee.**

No. 00–5242.

United States Court of Appeals, Sixth Circuit.

May 1, 2001.

Before NELSON and BATCHELDER, Circuit Judges; FEIKENS, District Judge.[*]

## ORDER

Robby Bickers, proceeding through counsel, appeals a district court judgment dismissing his civil action filed pursuant to the National Labor Relations Act, 29 U.S.C. §§ 151–169, and Tennessee state law. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

In November 1995, Bickers began working for Parsec, Incorporated, in East St. Louis, Illinois. By virtue of his employment, Bickers was required to join the International Association of Machinists and Aerospace Workers ("union") and was covered by a collective bargaining agree-

ment between Parsec and the union. In February 1996, Bickers was temporarily transferred to Parsec's Memphis, Tennessee, terminal. During his tenure at the Memphis terminal, Bickers suffered an on-the-job injury, which initiated several disputes between Bickers and Parsec. In May 1996, Parsec terminated Bickers's employment.

On May 21, 1999, Bickers filed the instant action against the union, alleging that the union breached its duty of fair representation because, despite his repeated requests, it refused to represent him in his disputes with Parsec. Bickers also alleged a breach of contract claim, based upon Tennessee law, because the union refused to represent his interests in employment disputes with Parsec. Bickers sought monetary relief.

The union filed a motion for summary judgment, to which Bickers responded. The district court granted the union's motion and dismissed the complaint, finding Bickers's federal labor law claim time-barred and his state law contract claim preempted by federal labor law. Bickers has filed a timely appeal.

We review the district court's grant of summary judgment de novo. *EEOC v. Northwest Airlines, Inc.*, 188 F.3d 695, 701 (6th Cir.1999). Summary judgment is appropriate when the evidence presented shows " 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Id.* (quoting Fed.R.Civ.P. 56(c)).

Upon review, we conclude that the district court properly dismissed Bickers's federal labor law claim as time-barred. *See id.* Section 10(b) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 160(b), prescribes a six-month

[*] The Honorable John Feikens, United States District Judge for the Eastern District of Michigan, sitting by designation.

statute of limitations for claims of unfair labor practices. This six-month statute of limitations applies to a hybrid breach of contract/breach of duty of fair representation suit brought by an employee against both an employer and a union. *DelCostello v. Int'l Bhd. of Teamsters,* 462 U.S. 151, 154–55, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983); *Adkins v. Int'l Union of Elec., Radio & Mach. Workers,* 769 F.2d 330, 335 (6th Cir.1985) (citations omitted). "[T]he statute of limitations begins to run when the claimant knows or should have known of the union's alleged breach of its duty of fair representation." *Schoonover v. Consol. Freightways Corp.,* 49 F.3d 219, 221 (6th Cir.1995); *see also Adkins,* 769 F.2d at 335.

Bickers's claim against the union accrued more than six months prior to the filing of the instant action. The record indicates that on May 28, 1997, Bickers filed an action against Parsec in a Tennessee state court, alleging that Parsec unlawfully discharged him in violation of a union contract that covered his employment at the time of his discharge. Bickers also testified in a deposition conducted on August 25, 1998, that the union refused to take any action on his behalf with respect to employment disputes that he had with Parsec. Thus, the facts giving rise to Bickers's federal labor law claim against the union for breach of the duty of fair representation were known to him sometime before the filing of his state court action on May 28, 1997. Because more than six months passed before Bickers filed the instant action on May 21, 1999, his federal labor law claim is barred by the six-month statute of limitations set forth in § 10(b) of the NLRA. *See DelCostello,* 462 U.S. at 154–55, 103 S.Ct. 2281.

■■ We also conclude that Bickers's state law breach of contract claim · is preempted by federal labor law. "The duty of fair representation relates to an area of labor law which has been so fully occupied by Congress as to foreclose state regulation." *Maynard v. Revere Copper Prods., Inc.,* 773 F.2d 733, 735 (6th Cir. 1985); *see also In re Glass, Molders, Pottery, Plastics & Allied Workers Int'l Union, Local No. 173,* 983 F.2d 725, 728–29 (6th Cir.1993). Indeed, when a federal duty to represent claim is barred by the six-month statute of limitations, "it would be anomalous to hold that the same claim survived the defense of limitations because it was stated in terms of the state law...." *Maynard,* 773 F.2d at 735.

Bickers's breach of contract claim is based upon the same allegations and is essentially a restatement of his federal breach of duty to represent claim. Thus, because Bickers's state law breach of contract claim is clearly related to the union's duty of fair representation, it is preempted by federal labor law. *See In re Glass Workers Int'l Union,* 983 F.2d at 729; *Maynard,* 773 F.2d at 735.

Accordingly, the district court's judgment is affirmed.